IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| DAVID KWON, | ) | CIV. NO. 06-00227 JMS-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DISMISS |
| | ) | PETITION |
| FRANK LOPEZ, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**<u>FINDINGS AND RECOMMENDATION TO DISMISS PETITION</u>**

On April 25, 2006, *pro se* Petitioner David Kwon filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Petition was referred to this court pursuant to Local Rule LR72.5 and 28 U.S.C. § 636(a).  Respondents submitted a preliminary answer to the petition ("Answer") on July 19, 2006.  Although Kwon was given until August 18, 2006, to file his Reply, he has not done so.  After consideration of the full record, this Court FINDS AND RECOMMENDS that the Petition be DISMISSED with prejudice as time-barred .

**BACKGROUND AND PROCEDURAL HISTORY**

On September 9, 1991, Kwon pled guilty, against the advice of his attorney, Charles B. Fey, Esq., to murder in the first degree in violation of Hawai`i Revised

Statute § 707-701(1) ("Haw. Rev. Stat.").[1]  (Ans. Exs. A & B.)  The Circuit Court of the First Circuit, State of Hawai`i ("circuit court") sentenced Kwon to mandatory life imprisonment without possibility of parole pursuant to Haw. Rev. Stat. § 706-656.  (*Id.*)  Kwon did not directly appeal this sentence.

On July 20, 1992, Kwon filed a *pro se* Petition for Post-Conviction Relief, pursuant to Rule 40 of the Hawai`i Rules of Penal Procedure ("Haw. R. Pen. P."), designated as SPP 92-0017.  (Ans. Ex. D).  Kwon argued that: (1) there was insufficient evidence to convict; no factual basis for the guilty plea; (2) he was not competent to enter a guilty plea; (3) the circuit court failed to inquire whether he had a history of mental illness; (4) he received ineffective assistance of counsel; (5) the circuit court failed to ensure that his guilty plea was knowingly and voluntarily entered: (6) the circuit court improperly relied on his attorney's assertions that he had a full understanding of the nature and consequences of his guilty plea; and (7) newly discovered evidence existed.  (*Id.*)   Kwon was

---

[1]Section 707-701(1)(e) states:

> (1) A person commits the offense of murder in the first degree if the person intentionally or knowingly causes the death of . . . (e) A person while the defendant is imprisoned.

Kwon pled guilty to killing another inmate, Daniel Tupuola, while they were both housed at Halawa High Security Correctional Facility.

represented by Reinhard Mohr, Esq., in his post-conviction proceedings.

After the circuit court held two hearings on the Kwon's Rule 40 petition, it dismissed the petition on September 10, 1993. (Ans. Ex. F, Findings of Fact Conclusions of Law.) Kwon appealed the circuit court's decision. (Ans. Ex. J.) On March 20, 1995, the Hawai`i Supreme Court filed a Memorandum Opinion holding that Kwon's waiver of his constitutional rights was knowing and voluntary, and therefore valid. (Ans. Ex. J.) On April 6, 1995, the Hawai`i Supreme Court entered the Notice and Judgment on Appeal. (Ans. Ex. K.) Kwon did not file a petition for certiorari with the United States Supreme Court.

Approximately ten and one-half years later, on May 15, 2006, Kwon filed the present federal habeas petition. Kwon confusingly argues that his Rule 40 attorney, Reinhard Mohr, provided ineffective assistance of counsel, when Mohr allegedly threatened to kill him if he refused to plead guilty. Kwon also argues that, because his co-defendant, Daniel Tupuola, went to trial on the charge and was acquitted, he too would have been acquitted, but for Mohr's alleged threats.

On May 17, 2006, this Court entered a Preliminary Order to Show Cause and Answer Petition, directing Respondents to file a preliminary answer to the Petition. (Docket No. 4.) Noting that it appeared from the face of the Petition that Kwon's claims were time-barred, the Court directed Respondents to address this

issue.  The Court notified Kwon that it was considering dismissing his Petition as time-barred and informed him that he may file a Reply to Respondents' Preliminary Answer, setting forth facts which would prevent the statute of limitation from running against him.  Kwon was told that it is his burden to demonstrate that he is entitled to tolling of the statute.[2]

Respondents filed their Preliminary Answer on July 19, 2006.  (Docket No. 12.)  To date, Kwon has not filed a Reply.

## LEGAL STANDARD

Section 2244 provides in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable

---

[2] The Court granted Respondents' motion for an extension of time to file their Preliminary Answer.  (*See* Docket No. 10.)  Kwon's time to file his Reply was also extended, until August 18, 2006.  (*Id.*)

>   to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Under certain conditions the statute of limitation may be equitably tolled. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at ---, 125 S. Ct. at 1814. "[T]he threshold necessary to trigger equitable tolling under [the Anti-Terrorism and Effective Death Penalty Act (" AEDPA")], is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal

quotation marks and citation omitted).  Equitable tolling determinations are "highly fact-dependent."  *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)  (per curiam); *accord Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").

## DISCUSSION

There is a one-year grace period for convictions, such as Kwon's, that became final before the AEDPA's enactment date.  *See Carey v. Saffold*, 536 U.S. 214, 217 (2002); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Thus, Kwon had until April 24, 1997, to file his federal habeas petition.  Kwon filed the petition on May 17, 2006, nine years after the time for filing had expired.  Unless he is entitled to statutory or equitable tolling of the statute, Kwon's petition is time-barred.

The Court finds that Kwon is not entitled to statutory tolling under § 2244(d).  First, Kwon did not file any further petitions for state post-conviction relief following the Hawai`i Supreme Court's denial of his first petition on April 6, 1995, and he is not entitled to tolling on that basis.  *See* 28 U.S.C. § 2244(d)(2). Second, there was no state-created impediment to Kwon's filing a federal petition

under 28 U.S.C. § 2244(d)(1)(B), nor does Kwon argue that there was.[3]  Third, the Petition does not raise a newly recognized constitutional right that is retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2244(d)(1)(C).  Finally, Kwon does not present newly discovered evidence as the basis for his habeas petition.

Although the Court notified Kwon that it was considering dismissing his Petition as time-barred, and informed him that it was his burden to argue and prove the availability of equitable tolling, he has not done so.  He makes no arguments in the Petition itself justifying equitable tolling and he has failed to file a Reply making any arguments to that effect.  Kwon has completely failed to present any evidence supporting the requisite "extraordinary circumstances" beyond his control which made it impossible for him to timely file a federal petition.  *See Miles*, 187 F.2d at 1107.   Accordingly, this Court finds that Kwon is not entitled to equitable tolling of the statute and recommends that his Petition be dismissed with prejudice as time-barred.[4]

---

[3] An assertion that the statute of limitation was delayed by a state-created impediment requires a showing of a due process violation.  *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).

[4] It is also clear from the record before this Court that Kwon has never raised the specific issue of ineffective assistance of counsel based on his attorney's alleged threats against him to plead guilty, whether that attorney was Charles Fey,

## CONCLUSION

Because Kwon filed his petition outside of the § 2254 statute of limitations period, this Court recommends that his federal habeas petition be dismissed as time-barred, with prejudice, pursuant to 28 U.S.C. § 2244(d).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, August 29, 2006.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

KWON v. LOPEZ, et al., Civ. No. 06-00227 JMS-LEK; FINDINGS AND RECOMMENDATION TO DISMISS PETITION; dmp\habeas 06\ Kwon 06-227 (SOL)

---

who represented Kwon at his change of plea hearing, or Reinhard Mohr, who represented Kwon during his post-conviction proceedings.  Thus, Kwon's present claims are clearly unexhausted.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Having found that the Petition is time-barred, however, the Court makes no finding on the issue of exhaustion.